FILED

FEB 10 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LATHERIO HOFFMAN,<br><br>  Defendant. | Case No. 24CR0625-TWR<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title, and interest in all firearms of Defendant, LATHERIO HOFFMAN, ("Defendant"), pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c) as firearms involved in the violation of Title 18, United States Code, Section 922(g)(1) as set forth in Count 1 of the Indictment; and

WHEREAS, on or about November 14, 2024, Defendant pled guilty before Magistrate Judge Benjamin J. Cheeks to the offense set forth in Count 1 of the Indictment, charging the defendant with Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1), consented to the forfeiture allegations of the Indictment, and agreed pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), to forfeit the firearm seized in connection with this case including but not limited to a Walther P38 9mm semi-automatic pistol bearing number 8612; and

1    WHEREAS, on, December 4, 2024, this Court accepted the guilty plea of Defendant;
2 and

3    WHEREAS, by virtue of the facts set forth in the plea agreement, the Court finds
4 that the United States has established the requisite nexus between the forfeited firearm and
5 the offense; and

6    WHEREAS, by virtue of said guilty plea, the United States is now entitled to
7 possession of the above-referenced firearm, pursuant to Title 18, United States Code,
8 Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the
9 Federal Rules of Criminal Procedure; and,

10    WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
11 authority to take custody of the above-referenced firearm which are hereby found
12 forfeitable by the Court; and

13    WHEREAS, the United States, having submitted the Order herein to the Defendant
14 through his attorney of record, to review, and no objections having been received;

15    Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

16    1.    Based upon the guilty plea of the Defendant to Count 1 of the Indictment, the
17 United States is hereby authorized to take custody and control of a Walther P38 9mm semi-
18 automatic pistol bearing number 8612 and all right, title and interest of Defendant,
19 LATHERIO HOFFMAN, in the firearm is hereby forfeited to the United States pursuant
20 to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section
21 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C.
22 § 853(n).

23    2.    The aforementioned forfeited asset is to be held by Bureau of Alcohol,
24 Tobacco, Firearms, and Explosives in its secure custody and control.

25    3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
26 begin proceedings consistent with any statutory requirements pertaining to ancillary
27 hearings and rights of third parties. The Court shall conduct ancillary proceedings as the
28 Court deems appropriate only upon the receipt of timely third-party petitions filed with the

Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the firearm in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited firearm must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearm, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited firearm and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the firearm that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

//
//
//
//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 2/10/25

_Todd Robinson_
Honorable Todd W. Robinson
United States District Judge